```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X          C/M
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :          MEMORANDUM
           -against-                                        :          DECISION AND ORDER
                                                            :
MELVIN BAEZ,                                                :          09-cr-74 (BMC)
                                                            :
                                   Defendant.               :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

Before me is defendant's motion to reduce his sentence to time served pursuant to the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i).[1] Defendant claims that he has contracted the COVID-19 virus and is experiencing flulike symptoms, to include headaches, body pain, loss of taste, and fatigue, and that this constitutes "extraordinary and compelling reasons" justifying his release from prison before the conclusion of his 60 day sentence.

The motion is denied. First, defendant has not fully exhausted his request for compassionate release with the Bureau of Prisons. Second, he has not demonstrated that he has a medical condition constituting "extraordinary and compelling reasons" for his release. Finally, even if I were to overlook these two shortcomings, consideration of the factors under 18 U.S.C. § 3553(a) weigh in favor of continued custody.

## BACKGROUND

Back in September 2010, defendant pled guilty to being a felon in possession of a firearm, for which I sentenced him to 51 months' imprisonment. Upon the completion of his sentence, defendant entered a period of supervised release. However, he repeatedly violated the conditions of supervision, leading to multiple charges. One of those charges derived from the

---

[1] Although defendant did not explicitly mention compassionate relief in his motion, he requested the Court release him from prison "due to the pandemic of [the coronavirus]."

fact that he was arrested by New York City Police Officers for possessing 5.5 grams of cocaine. Defendant was indicted in state court for a narcotics crime, and he was eventually convicted and sentenced to seven years' imprisonment.

Upon receiving his sentence, defendant became enraged and tried to attack the state prosecutor in the courtroom. Defendant threw paperwork, was shouting expletives, tried to overturn the defense table, and "stepped toward the local state prosecutor," at which point the bailiffs tried to restrain him. A physical altercation ensued. The officers sustained serious injuries, including one officer who was hospitalized overnight. As a result of this incident, defendant was arrested for second degree assault and for obstruction of governmental administration in the second degree.

Based on his state conviction and arrest, both violations of supervised release, I sentenced defendant to 60 days' custody to run consecutively to his state court sentence. Upon completing his state sentence at FCI Otisville on May 15, 2020, he was transferred to the Metropolitan Detention Center ("MDC") in Brooklyn, New York to serve the consecutive sentence I imposed.

## DISCUSSION

In general, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a convicted defendant may bring a motion to reduce the term of his imprisonment under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). Notably, a defendant may only apply to the court for release under this provision once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden." Id. § 3582(c)(1)(A).

Upon proper exhaustion, a court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id.  The moving defendant bears the burden of showing that these factors compel his release.  See United States v. Ebbers, No. 02-cr-1144, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) (citing United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.")).

Absent a terminal illness, the Sentencing Commission would permit compassionate release because of a defendant's medical condition if he is "suffering from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13 Application Note 1(A).  Release may also be appropriate if there exists some other "extraordinary and compelling reason" not specifically provided for in the Guidelines.  Id. § 1B1.13(1)(D).  Of course, any early release should be predicated on a finding that the "defendant is not a danger to the safety of any other person or to the community."  Id. § 1B1.13(2).

Here, as a threshold matter, defendant has not yet "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf."  The Government represents that defendant, who only arrived to the MDC on May 15, 2020, has not even filed a petition for compassionate release with the facility's warden.  Even if defendant had filed such a request, he only arrived to the MDC a week ago, so the warden could not have

3

delayed acting upon his motion for more than 30 days.[2] Because defendant has neither fully exhausted his administrative remedies nor demonstrated that the warden has failed to act upon his petition within 30 days, this motion is premature.

But even on the merits of defendant's request, I can't find that he has demonstrated "extraordinary and compelling" reasons justifying relief. Although defendant claims that he became infected with COVID-19 while at FCI Otisville, this is belied by the record. According to the Government, FCI Otisville's medical department has confirmed that defendant "never complained to prison officials about any sickness and was never tested for COVID-19"; and has never been on [FCI Otisville's] isolation or quarantine list. Furthermore, the MDC has conveyed to the Government that defendant never complained of any illness upon his arrival to the facility. Based on the lack of corroborating medical records and the Government's specific contradiction of defendant's allegations, defendant has failed to carry his burden supporting release.

Even if defendant has contracted COVID-19 (and it bears repeating, I don't think he has), the virus is not fatal to most people. See United States v. Santiago, No. 92-cr-563, 2020 WL 2475068, at *3 (E.D.N.Y. May 13, 2020).[3] Due to his age and lack of pre-existing medical conditions, he does not even fall into the categories of individuals particularly susceptible to experiencing severe complications should they become infected with the virus. In any event, the symptoms defendant is supposedly experiencing does not suggest that he has a serious medical

---

[2] If defendant does submit such a request to the warden, he should fully exhaust his administrative remedies, unless the warden neglects to act upon defendant's request within 30 days of its submission, before re-filing another motion with the Court. See United States v. Davis, No. 96-cr-912, 2020 WL 2522079, at *2 (E.D.N.Y. May 18, 2020).

[3] Dara K. Lee Lewis, How does cardiovascular disease increase the risk of severe illness and death from COVID-19, Harvard Med. School Health Blog (Apr. 2, 2020), https://www.health.harvard.edu/blog/how-does-cardiovascular-disease-increase-the-risk-of-severe-illness-and-death-from-covid-19-2020040219401 ("[M]ost COVID-19 patients (about 80%) will develop mild flulike symptoms, including fever, dry cough, and body aches that can be managed at home.").

condition that "substantially diminishes his ability to provide self-care within the environment of the correctional facility."

Defendant expresses fear for his life because he has experienced symptoms consistent with COVID-19, but I have no reason to believe that the MDC cannot adequately address defendant's concerns should his current symptoms escalate into something more severe beyond mere intermittent headaches and fatigue. In addition, releasing defendant to live with his son, wife, or "very ill and old" mother presents its own risks to his health and to the health of his family members if he has in fact contracted the virus. At least while in custody, defendant is guaranteed medical care if he becomes seriously ill.

I have also considered the factors set forth under 18 U.S.C. § 3353(a), and their application to defendant's case militate against granting relief. In particular, defendant was convicted of being a felon in possession of a firearm. Upon completing his sentence, and while on supervised release, he was convicted in state court for possessing a significant amount of cocaine. Still unrepentant for his crimes, he became enraged and tried to assault an officer of the court during his sentencing for the drug offense. Defendant's repeated criminal behavior demonstrated his complete disregard for the law and compelled me to impose the 60 day consecutive sentence to serve as some level of specific deterrence.

Defendant implores the Court for leniency, claiming that his son, wife, and mother are in distress and need him due to the pandemic. Without minimizing the seriousness of the current health crisis and its impact on our society, to reduce his already minimal sentence would be diminishing his offenses and undermining the goals of my original sentence, among them, the need to provide just punishment and to make defendant realize the consequences of his self-destructive behavior. I am therefore unpersuaded that he warrants more compassion and

understanding than I demonstrated when I imposed, for multiple violations of probation, a 60 days' sentence – substantially lower than the 6 to 12 months' sentence sought by the Government.

## CONCLUSION

Defendant's motion to reduce his sentence [151] is denied.

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
       May 22, 2020